DAVID C. SHONKA
Acting General Counsel
MEGAN COX
ALLISON M. LEFRAK
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-8256
Washington, DC 20580
Telephone: (202) 326-2282 (Cox)
Telephone: (202) 326-2804 (Lefrak)
Facsimile: (202) 326-3392
Email: mcox1@ftc.gov, alefrak@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

ADAM PAUL LAXALT
Attorney General
JOHN R. MCGLAMERY
LAURA TUCKER
Deputy Attorneys General, Bureau of Consumer Protection
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Phone (775) 684-1169
Facsimile: (775) 684-1170
Email: JMcGlamery@ag.nv.gov, LMTucker@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION <br> and <br> STATE OF NEVADA, <br> Plaintiffs, <br> v. <br> EMP MEDIA, INC., *et al.*, <br> Defendants. | Case No: <br><br> **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT ANIELLO INFANTE** |

Plaintiffs, the Federal Trade Commission ("Commission") and the State of Nevada, by and through counsel and the Nevada Attorney General, ("Plaintiffs") filed their Complaint for a Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Chapter 598 of the Nevada Revised Statutes.  Plaintiffs and Defendant Aniello "Neil" Infante stipulate to entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## **FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45 and practices in violation of Chapter 598 of the Nevada Revised Statutes, in this case involving allegations of the soliciting and posting of intimate images and personal information without consent.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Defendant and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

# DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables, insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of Consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, the Defendant, including such reserve funds held by payment processors, credit card processors, banks, or other Financial Institutions.

B. "**Consumer**" means any Person.

C. **"Clear and conspicuous"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D.      "**Defendant**" means Aniello "Neil" Infante.

E.      "**Intimate Image**" means any image exposing genitals, pubic area, buttocks, or female nipples or depicting a sex act.

F.      "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

G.      "**Personal Information**" means information from or about an individual depicted in an Intimate Image.

4

# ORDER

## I. PROHIBITION ON DISSEMINATION OF INTIMATE IMAGES AND PERSONAL INFORMATION POSTED WITHOUT CONSENT

IT IS ORDERED that Defendant, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, distributing, offering for sale, or sale of any good or service, is permanently restrained and enjoined from disseminating, through a website or online service, Intimate Image(s) or Personal Information without:

A. A clear and conspicuous notice, and not as part of a "privacy policy," "terms of use," or similar document posted on a website or online service, directly to each individual depicted in the Intimate Image, that Defendant will disseminate the Intimate Image and Personal Information through a website or online service; and

B. obtaining verifiable affirmative express consent in writing directly from each individual depicted in the Intimate Image prior to dissemination and also provide each individual the right to revoke consent at any time.

## II. DISPOSITION OF PERSONAL INFORMATION AND INTIMATE IMAGES

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from directly or indirectly:

A. selling, renting, leasing, disclosing, using, transferring, or otherwise benefitting from Personal Information or Intimate Images obtained without verifiable affirmative express consent in writing; and

B. failing to destroy such Personal Information or Intimate Images in all forms in Defendant's possession, custody, or control within 30 days after entry of this Order.

Provided, however, that such Personal Information or Intimate Images need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

### III. PROHIBITION ON CHARGING TAKEDOWN FEES

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from charging or assisting in charging any consumer any fee related to taking down or removing Personal Information or Intimate Images from any website, whether directly or through an intermediary.

### IV. ADDITIONAL CONDUCT PROHIBITIONS

IT IS FURTHER ORDERED that Defendant, whether acting directly or through an intermediary, is permanently restrained and enjoined from:

A. Setting up or facilitating merchant processing accounts for any business entity, unless Defendant actually controls, participates in, or has knowledge of the daily operations of that entity; and

B. Serving as an officer, director, or manager of any business entity, unless Defendant actually controls, participates in, or has knowledge of the ordinary operations of that entity.

### V. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $205,000.00 is entered in favor of the Plaintiffs against Defendant Infante.

B. Defendant is ordered to pay to the Commission fifteen thousand Dollars ($15,000), which, as Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this

Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment the remainder of the judgment is suspended, subject to the Subsections below.

C. The Plaintiffs' agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statements and related documents (collectively, "financial representations") submitted to Plaintiffs, namely the Financial Statement of Defendant Infante signed on November 6, 2017, including the attachments.

D. The suspension of the judgment will be lifted as to Defendant if, upon motion by either Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A above, which the parties stipulate only for purposes of this Section represents the unjust enrichment alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to

7

enforce its rights to any payment or monetary judgment pursuant to this Order, such as a non-dischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendant acknowledges that his Taxpayer Identification Number which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of the Order, in accordance with 31 U.S.C. §7701.

E.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.     COOPERATION

IT IS FURTHER ORDERED that Defendant must fully cooperate with representatives of Plaintiffs in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendant must provide truthful and complete information, evidence, and testimony.  Defendant must appear for interviews, discovery,

hearings, trials, and any other proceedings that a Plaintiff representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Plaintiff representative may designate, without the service of a subpoena.  If the presence of the Defendant is required outside of the State of Ohio or beyond 100 miles of the Defendant's residence, the FTC agrees to arrange and pay for the Defendant's reasonable travel expenses.

## VIII.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.    Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For three (3) years after entry of this Order, for any business that Defendant individually or collectively with any other defendant named in this matter is the majority owner or controls directly or indirectly, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

9

## IX.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.   One (1) year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury, which must:

1. Identify all of Defendant's telephone numbers and all physical, postal, and email and Internet addresses, including all residences, and identify the primary physical, postal, and email address and telephone number as designated points of contact, which representatives of the Plaintiffs may use to communicate with Defendant;

2. Identify all of the Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3. Identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest;

4. Describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

5. Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales;

6. Describe in detail whether and how the Defendant is in compliance with each Section of this Order; and

7. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For twenty (20) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Name, including aliases or fictitious names, or residence address;
2. Any designated point of contact;
3. Title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any internet address of the business or entity; and
4. The structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

11

Associate Director for Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC  20580.

The subject line must begin:  FTC v. EMP MEDIA, INC., *et al.*

## X.     RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for fifteen (15) years after entry of the Order, and retain each such record for five (5) years.  Specifically, for any business that Defendant individually or collectively with any other defendant named in this matter is a majority owner or controls directly or indirectly, he must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XI.     COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order, that:

A. Within 14 days of receipt of a written request from a representative of a Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, Plaintiffs are authorized to communicate directly with the Defendant.  Defendant must permit representatives of any Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

D. Upon written request from a representative of any Plaintiff, any consumer reporting agency must furnish consumer reports concerning the Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

13

## XII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED: _____

SO STIPULATED AND AGREED:

FOR PLAINTIFF:

FEDERAL TRADE COMMISSION

*[signature]*

Megan Cox (mcox1@ftc.gov)
Allison M. Lefrak (alefrak@ftc.gov)
Federal Trade Commission
Washington, DC 20580
(202) 326-2282 (Cox)
(202) 326-2804 (Lefrak)
(202) 326-3062 (fax)

STATE OF NEVADA

*[signature]*

JOHN R. MCGLAMERY (JMcGlamery@ag.nv.gov)
LAURA TUCKER (LMTucker@ag.nv.gov)
Deputy Attorneys General, Bureau of Consumer Protection
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Phone (775) 684-1169
Facsimile: (775) 684-1170


FOR DEFENDANT:

*[signature]*   Date: 12/15/17

Michelle Cohen
Ifrah PLLC
1717 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 524-4144 (office)
COUNSEL For Infante

DEFENDANT:

_(signature)_ Date: 12-13-17

Aniello "Neil" Infante
3016 Spring Meadow Circle
Youngstown, OH 44515-4953

16