DAVID C. SHONKA
Acting General Counsel
MEGAN COX
ALLISON M. LEFRAK
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-8256
Washington, DC 20580
Telephone: (202) 326-2282 (Cox)
Telephone: (202) 326-2804 (Lefrak)
Facsimile: (202) 326-3392
Email: mcox1@ftc.gov, alefrak@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

ADAM PAUL LAXALT
Attorney General
JOHN R. MCGLAMERY
LAURA TUCKER
Deputy Attorneys General, Bureau of Consumer Protection
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Phone (775) 684-1169
Facsimile: (775) 684-1170
Email: JmcGlamery@ag.nv.gov, LMTucker@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>and<br><br>STATE OF NEVADA,<br><br>Plaintiffs,<br><br>v.<br><br>EMP MEDIA, INC., et al.,<br><br>Defendants. | Case No: 2:18-cv-00035<br><br>**PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO SEAL REDACTIONS IN THE MOTION AND MEMORANDUM OF LAW TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT COTTELLI** |

1

Plaintiffs, the Federal Trade Commission (FTC) and the State of Nevada, respectfully move this Court for an order pursuant to Local Rule IC 6-1(b) and Fed. R. Civ. P. 5.2 to seal certain information contained in Plaintiffs' Motion and Memorandum of Law to Authorize Alternative Service of Process on Defendant Cottelli (Docket Nos. 12, 12-2, 12-5, 12-6) ("Motion") that fall outside the scope of Local Rule IC 6-1(a).

The proposed redactions contained in the Motion but outside the scope of Local Rule IC 6-1(a) consist of the following:

1. The MyEx.com URLs related to content being investigated as underage content on MyEx.com, which include the names of the potential underage victims. Docket No. 12-2 at 73-74[1].

2. Identifying numbers used by governments, including identifiers used by the South African government (Docket No. 12-2 at 51[2]; Docket No. 12-6 at 7[3]) and the United States passport number of Shad Cottelli, also known as Shad Applegate (Docket No. 12-6 at 11, 14[4]).

3. The name of an individual and the MyEx.com URL of the content the individual requested be taken down. The URL also includes the name of another individual featured in the post. Docket No. 12-2 at 79[5].

4. A capture of the website MyEx.com containing intimate images of consumer victims who had not consented to being on the website. Docket No. 12-2 at 95[6].

---

[1] Exh. 1 (Thomas Declaration, Attach. H page at 15-16).
[2] Exh. 1 (Thomas Declaration, Attach. E at page 2).
[3] Exh. 5 (DePaul Declaration, Attach. A at page 1).
[4] Exh. 5 (DePaul Declaration, Attach. B at page 1; Attach. C at page 1).
[5] Exh. 1 (Thomas Declaration, Attach. H at page 21).
[6] Exh. 1 (Thomas Declaration, Attach. J at page 1)

5.     The name and contact information of individuals with law enforcement entities investigating underage content on the site MyEx.com. Docket No. 12-2 at 8-9, 73-74[7].

6.     The Declaration of Aniello Infante contains redactions in email attachments, represented to be privileged, as it was produced to FTC Staff by counsel for Mr. Infante. Docket No. 12-5 at 6-29[8].

## I.   LEGAL STANDARD

The Ninth Circuit has held that while there is a strong presumption of public access to judicial records, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes….'" *Old Republic Ins. Co. v. City Plan Dev., Inc.*, No. 2:16-cv-00903-JCM-NJK, 2017 U.S. Dist. LEXIS 181554, at *2, quoting *Kamakana v. City & County of Honolulu,* 447 F.3d 1172,1179 (9th Cir. 2006) (internal quotation marks omitted). The burden to show compelling reasons for sealing must be made with "articulate compelling reasons supported by specific factual findings." *Kamakana,* 447 F.3d at 1178. The fact that information may lead to "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179. To the extent confidential information can be redacted while leaving meaningful information available to the public, redactions rather than sealing of entire documents is preferred. *Old Republic Ins. Co.*, 2017 U.S. Dist. LEXIS 181554 at *3-4.

---

[7] Exh. 1 at 7-8 (Thomas Declaration at ¶ 28, 33; Attach. H page at 15-16).
[8] Exh. 4 (Infante Declaration, Attachs. A-J).

3

## II. ARGUMENT

Plaintiffs made every effort to redact minimal confidential information in the Motion for Alternative Service, left meaningful information available to the public, and did not seek to seal entire documents. The information redacted in the filing was minimal and done for compelling reasons that greatly outweigh the public's interest in disclosure, as detailed below.

The URLs related to content being investigated by law enforcement as underage content contain the names of minors and should remain confidential and be sealed. The redaction of the URL containing the name of a minor closely relates to the Local Rule IC 6-1(a)(2), which allows for the redaction of minor children's names.

The government identifying numbers, including a passport number and identifiers used by the South African government, should remain redacted, as they closely align with Social Security Numbers, which are protected under Local Rule IC 6-1(a)(1). Moreover, the Advisory Committee Notes to the 2007 Adoption of FED. R. CIV. P. 5.2 states, "[i]t may [] be necessary to protect information not covered by the redaction requirement—such as driver's license numbers and alien registration numbers—in a particular case" and that such "protection may be sought under subdivision (d) or (e)." FED. R. CIV. P. 5.2 advisory committee's note. Passport numbers and government identifiers are akin to alien registration numbers and license numbers, in that they are assigned government numbers that may be tied to certain personal information and should be protected. Furthermore, at least one other jurisdiction in the Ninth Circuit explicitly requires the redaction of passport numbers in particular. *See e.g.* C.D. Cal. R. 5.2-1.

The name of an individual and the MyEx.com URL containing non-consensual pornographic content that the individual requested be taken down, as well as the screen capture of the website MyEx.com landing page with intimate images of consumers have been redacted and should remain confidential. The

4

name of a consumer and the MyEx.com URL containing content the consumer requested be taken down should remain redacted because it will cause harm to the victims if unredacted. First, while the specific reasons for the consumer takedown request are unknown, the name(s) and URL likely relate to the content being of a minor or unconsented-to distribution of intimate images.  In addition, the consumer requesting the take down has a different name than the victim name featured as part of the URL with the non-consensual pornographic content. The relationship between the two individuals is unknown and if disclosed could be harmful to the individuals.

The capture of the website MyEx.com landing page with images of consumers should also remain redacted. The images on the site's landing page were most likely publicly posted without the consent of the individuals featured in the images. If disclosed, this could lead to the victims being recognized and cause a further unwarranted invasion of privacy, alongside other harms such as harassment.

The name and contact information of law enforcement entities investigating underage content on the site MyEx.com should continue to be redacted, as the public exposure of the entities investigating specific underage content could potentially reveal an ongoing criminal inquiry or complaint or interfere with an investigation.

The information redacted in the exhibits to the Infante Declaration reflects redactions made by Infante's counsel and are represented to be privileged in his declaration.  Those redacted exhibits to his declaration are attached to the Motion as they were produced to FTC Staff.

### III. CONCLUSION

Plaintiffs respectfully ask this Court to grant this motion and seal the redactions in the Motion that fall outside the scope of Local Rule IC 6-1(a). A proposed order is attached.

Dated: February 1, 2018

Respectfully submitted,

*/s/ Megan Cox*_____
Megan Cox
Allison M. Lefrak
Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-8256
Washington, DC 20580
Telephone: (202) 326-2282 (Cox)
Telephone: (202) 326-2804 (Lefrak)
Facsimile: (202) 326-3392
Email: mcox1@ftc.gov,
alefrak@ftc.gov

DAVID C. SHONKA
Acting General Counsel
MEGAN COX
ALLISON M. LEFRAK
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-8256
Washington, DC 20580
Telephone: (202) 326-2282 (Cox)
Telephone: (202) 326-2804 (Lefrak)
Facsimile: (202) 326-3392
Email: mcox1@ftc.gov, alefrak@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

ADAM PAUL LAXALT
Attorney General
JOHN R. MCGLAMERY
LAURA TUCKER
Deputy Attorneys General, Bureau of Consumer Protection
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Phone (775) 684-1169
Facsimile: (775) 684-1170
Email: JmcGlamery@ag.nv.gov, LMTucker@ag.nv.gov
*Attorneys for Plaintiff State of Nevada*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>and<br><br>STATE OF NEVADA,<br><br>Plaintiffs,<br><br>v.<br><br>EMP MEDIA, INC., et al.,<br><br>Defendants. | Case No: 2:18-cv-00035<br><br>**[PROPOSED] ORDER GRANTING THE MOTION TO SEAL REDACTIONS** |

Upon consideration of Plaintiffs' Motion to Seal Redactions in Plaintiffs' Motion for Authorization for Alternative Service of Process on Defendant Shad Cottelli; and finding good causes exists, it is hereby

7

ORDERED that, pursuant to Local Rule IC 6-1(b) and Fed. R. Civ. P. 5.2, the Court grants this motion and seals the redactions in the Motion and Memorandum of Law to Authorize Alternative Service of Process on Defendant Cottelli that fall outside the scope of Local Rule IC 6-1(a).

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

# CERTIFICATE OF SERVICE

I, Megan Cox, certify that on February 1, 2018, the foregoing Plaintiffs' Motion and Memorandum of Law to Authorize Alternative Service of Process on Defendant Cottelli and Proposed Order was filed and served using the Court's CM/ECF system.

I further certify that on this same date, a true and correct copy of the foregoing was served, via email or overnight mail to the following non-ECF participants.

Michelle W. Cohen: michelle@ifrahlaw.com
Counsel for Defendant, Aniello "Neil" Infante

Defendant EMP Media, Inc.
Registered Agent Aniello Infante
3016 Spring Meadow Circle
Youngstown, OH 44515-4953

Defendant Shad Cottelli also known as Shad "John" Applegate
shadapplegate@gmail.com
shadcottelli@gmail.com

*/s/ Megan Cox*_____
Megan Cox
Federal Trade Commission