ALDEN F. ABBOTT
General Counsel
MEGAN COX
ALLISON M. LEFRAK
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-8256
Washington, DC 20580
Telephone: (202) 326-2282 (Cox)
Telephone: (202) 326-2804 (Lefrak)
Facsimile: (202) 326-3392
Email: mcox1@ftc.gov, alefrak@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

ADAM PAUL LAXALT
Attorney General
LAURA TUCKER
Senior Deputy Attorneys General, Bureau of Consumer Protection
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Phone (775) 684-1244
Facsimile: (775) 684-1170
Email: LMTucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION | Case No: 2:18-cv-00035 |
| and | |
| STATE OF NEVADA, | **PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO SEAL REDACTIONS IN THE MOTION FOR DEFAULT JUDGMENT** |
| Plaintiffs, | |
| v. | |
| EMP MEDIA, INC., et al., | |
| Defendants. | |

Plaintiffs, the Federal Trade Commission (FTC) and the State of Nevada, respectfully move this Court for an order pursuant to Local Rule IC 6-1(b) and

1

Fed. R. Civ. P. 5.2 to seal certain information contained in Plaintiffs' Motion and Memorandum in Support of Entry of Default Judgment (Docket No. 23) ("Motion") that fall outside the scope of Local Rule IC 6-1(a).

MyEx.com is a website dedicated solely to revenge porn. Revenge porn — or nonconsensual pornography—is the disclosure of sexually explicit images of an individual without their consent. Nonconsensual pornography causes immediate, devastating, and in many cases irreversible harm to the victims.

The proposed redactions contained in the Motion but outside the scope of Local Rule IC 6-1(a) consist of the following:

1. The MyEx.com URLs related to content being investigated as underage content on MyEx.com, which include the names of the potential underage victims. Docket No. 23 at Exhibit 1 (Thomas Declaration), Attachment B pages 14 and 15.

2. The name of an individual and the MyEx.com URL of the content the individual requested be taken down. The URL also includes the name of another individual featured in the post. Docket No. 23 at Exhibit 1 (Thomas Declaration), Attachment B, page 20.

3. Certain information such as names, addresses, cities and towns, law enforcement agencies, reports, and case numbers, screennames, email addresses, phone numbers, employers, IP addresses, and URLs provided in consumer complaints regarding MyEx.com submitted to the Federal Trade Commission's Consumer Sentinel Database and in consumer declarations. Docket No. 23 at Exhibit 1 (Thomas Declaration), Attachment UU; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 7; Exhibit 9; Exhibit 10; Exhibit 11; Exhibit 12.

4. Captures of the website MyEx.com containing intimate images and personal information of victims who did not consent to being on the website and

related URLs.  Docket No. 23 at Exhibit 1 (Thomas Declaration), Attachments A, H, I, J, K, P, Q, R, S, T, Z, CC, DD, EE, FF, GG, TT; Exhibit 4 at page 5, 9, 10; Exhibit 9 at page 6; Exhibit 10 at page 13-14.

5.   The name and contact information of individuals with law enforcement entities investigating underage content on the site MyEx.com.  Docket No. 23 at Exhibit 1 (Thomas Declaration), Attachment B pages 14, 15, and 20.

6.   Medical information related to prescriptions consumers reported taking.  Docket No. 23 at Exhibit 2 at page 2; Exhibit 3 at page 2; Exhibit 9 at page 3; Exhibit 10 at page 2; Exhibit 12 at page 2.

7.   An undercover identity and email address used in the course of this investigation.  Docket No. 23 at Exhibit 1 (Thomas Declaration), Attachments QQ, RR.

I.   LEGAL STANDARD

The Ninth Circuit has held that while there is a strong presumption of public access to judicial records, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes…." *Old Republic Ins. Co. v. City Plan Dev., Inc.*, No. 2:16-cv-00903-JCM-NJK, 2017 U.S. Dist. LEXIS 181554, at *2, quoting *Kamakana v. City & County of Honolulu,* 447 F.3d 1172,1179 (9th Cir. 2006) (internal quotation marks omitted).  The burden to show compelling reasons for sealing must be made with "articulate compelling reasons supported by specific factual findings." *Kamakana,* 447 F.3d at 1178.  The fact that information may lead to "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179.  To the extent confidential information can be redacted while leaving meaningful

3

information available to the public, redactions rather than sealing of entire documents is preferred. *Old Republic Ins. Co.*, 2017 U.S. Dist. LEXIS 181554 at *3-4.

## II.   ARGUMENT

Plaintiffs have made every effort to redact minimal information in the Motion for Default Judgment, leaving meaningful information unredacted and available to the public, and do not seek to seal entire documents. The information redacted in the filing is minimal and done for compelling reasons that outweigh the public's interest in disclosure, as detailed below.

The MyEx.com URLs related to content being investigated by law enforcement as underage content contain the names of victims who are minors and should remain confidential and be sealed. The redaction of the URL containing the name of a minor victim closely relates to the Local Rule IC 6-1(a)(2), which allows for the redaction of children's names.

The name of the victim and the MyEx.com URL containing the content that the victim requested be taken down should remain redacted because it will cause harm to the victim if unredacted. It could also cause harm to the other individual featured in the content. First, the name(s) and URL could relate to content of a minor or the unconsented-to distribution of intimate images. In addition, the individual requesting the take-down has a different name than the victim name featured as part of the URL with the non-consensual pornographic content. The relationship between the two individuals is unknown and if disclosed could be harmful to the individuals.

Similarly, the information redacted from the Consumer Sentinel complaints and consumer declarations should also remain redacted. Information such as names, addresses, cities and towns, law enforcement agencies, reports, and case numbers, screennames, email addresses, phone numbers, employers, IP addresses,

and MyEx.com URLs provided in the consumer declarations and complaints submitted to the Federal Trade Commission's Consumer Sentinel Database should remain redacted because it could be identifying information that would make the victims' identity knowable to the public. The redacted complaints and declarations concern victims who had their information and images posted without their consent. Releasing the identifying information contained in those complaints could be harmful to the victims, the pending investigations, or both. For these reasons the privacy interest greatly outweighs the public's need to know this information.

     The captures of the website MyEx.com landing page with images of victims should also remain redacted. The images on the site's landing page were most likely publicly posted without the consent of the individuals featured in the images. If disclosed, this could lead to the victims being recognized and cause a further unwarranted invasion of privacy, alongside other harms such as harassment.

     The name and contact information of law enforcement entities investigating underage content on the site MyEx.com should continue to be redacted, as the public exposure of the entities investigating specific underage content could potentially reveal an ongoing criminal inquiry or complaint or interfere with an investigation.

     Certain victims wrote declarations in this matter that include medical information in the form of specific prescription information. This information should remain redacted as the privacy interest of the victim's personal health information greatly outweighs the public's need to know this information.

     Lastly, an undercover identity and email address used in the course of this investigation should remain redacted to preserve the use of this identity for other investigations.

### III. CONCLUSION

Plaintiffs respectfully ask this Court to grant this motion and seal the redactions in the Motion that fall outside the scope of Local Rule IC 6-1(a).  A proposed order is attached.

Dated: June 11, 2018                    Respectfully submitted,

/s/ Megan Cox_____
Megan Cox
Allison M. Lefrak
Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-8256
Washington, DC 20580
Telephone: (202) 326-2282 (Cox)
Telephone: (202) 326-2804 (Lefrak)
Facsimile: (202) 326-3392
Email: mcox1@ftc.gov,
alefrak@ftc.gov

ALDEN F. ABBOTT
General Counsel
MEGAN COX
ALLISON M. LEFRAK
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-8256
Washington, DC 20580
Telephone: (202) 326-2282 (Cox)
Telephone: (202) 326-2804 (Lefrak)
Facsimile: (202) 326-3392
Email: mcox1@ftc.gov, alefrak@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

ADAM PAUL LAXALT
Attorney General
LAURA TUCKER
Senior Deputy Attorneys General, Bureau of Consumer Protection
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717
Phone (775) 684-1244
Facsimile: (775) 684-1170
Email: LMTucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>and<br><br>STATE OF NEVADA,<br><br>Plaintiffs,<br><br>v.<br><br>EMP MEDIA, INC., et al.,<br><br>Defendants. | Case No: 2:18-cv-00035<br><br>**[PROPOSED] ORDER GRANTING THE MOTION TO SEAL REDACTIONS** |

Upon consideration of Plaintiffs' Motion to Seal Redactions in Plaintiffs' Motion and Memorandum in Support of Entry of Default Judgment, and finding good causes exist, it is hereby

ORDERED that, pursuant to Local Rule IC 6-1(b) and Fed. R. Civ. P. 5.2, the Court grants this motion and seals the redactions in the Plaintiffs' Motion and Memorandum in Support of Entry of Default Judgment that fall outside the scope of Local Rule IC 6-1(a).

**IT IS SO ORDERED:**

_____

UNITED STATES MAGISTRATE JUDGE

DATED: _____

# CERTIFICATE OF SERVICE

I, Megan Cox, certify that on June 11, 2018, the foregoing Plaintiffs' Motion to Seal Redactions in Plaintiffs' Motion and Memorandum in Support of Entry of Default Judgment and Proposed Order was filed and served using the Court's CM/ECF system.

I further certify that on this same date, a true and correct copy of the foregoing was served, via email or overnight mail to the following non-ECF participants.

Defendant EMP Media, Inc.
Registered Agent Aniello Infante
3016 Spring Meadow Circle
Youngstown, OH 44515-4953

Defendant Shad Cottelli, also known as Shad "John" Applegate
shadapplegate@gmail.com
shadcottelli@gmail.com
eroticmp@gmail.com
enzovalentino@protonmail.com

*/s/ Megan Cox*_____
Megan Cox
Federal Trade Commission

9