UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF NEVADA,<br><br>Plaintiffs,<br><br>v.<br><br>EMP MEDIA, INC., *et al.*,<br><br>Defendants. | Case No. 2:18-cv-00035-APG-NJK<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND FINAL ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF**<br><br>(ECF Nos. 24, 26, 28) |

Plaintiffs the Federal Trade Commission ("FTC" or "Commission") and the State of Nevada filed their Complaint for Permanent Injunction and Other Equitable Relief under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Nevada Deceptive Trade Provisions of Chapter 598 of the Nevada Revised Statutes. Default was previously entered against defendants EMP Media, Inc. and Shad Applegate, also known as Shad Cottelli. Defendants EMP and Cottelli are collectively referred to herein as the "Defendants." The plaintiffs now move for entry of default judgment against the Defendants. In light of the Defendants' default, and after considering the pleadings, declarations, exhibits, and all other evidence filed in this matter, **I hereby GRANT the plaintiffs' motion (ECF Nos. 28, 24, 26),** upon the terms set forth below:

## FINDINGS

1. The Complaint charges that the Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the course of operating a nonconsensual pornography website for commercial gain.

2. The Complaint also charges that the Defendants participated in deceptive trade practices

in Nevada, in violation of Deceptive Trade Provisions of Chapter 598.

3. The Complaint states claims upon which relief can be granted.

4. The activities of the Defendants, as alleged in the Complaint, are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The Court has jurisdiction over the subject matter of this case and has jurisdiction over the Defendants. Venue in this district is proper.

6. The Clerk of the Court properly entered a default against the Defendants on May 11, 2018.

7. The allegations in the Complaint are taken as true against the Defendants.

8. The Order is in addition, and not in lieu of, any other civil or criminal remedies that may be provided by law.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Defendants"** means defendant EMP Media, Inc. or defendant Shad Applegate, also known as Shad Cottelli, individually, collectively, or in any combination.

B. **"Clear and conspicuous"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C. **"Corporate Defendant"** means EMP Media, Inc. and its successors and assigns.

D. **"Individual Defendant"** means Shad Applegate, also known as Shad Cottelli ("Cottelli").

E. **"Intimate Image"** means any image exposing genitals, pubic area, buttocks or female nipples, or depicting a sex act.

F. **"Personal Information"** means information from or about an individual depicted in an Intimate Image.

# ORDER

## I. PROHIBITION ON DISSEMINATION OF IMAGES WITHOUT CONSENT

IT IS ORDERED that the Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, distributing, offering for sale, or sale of any good or service, are permanently restrained and enjoined from disseminating, through a website or online service, Intimate Image(s) of individual(s) without:

A. A clear and conspicuous notice, and not as part of a "privacy policy," "terms of use," or similar document posted on a website or online service, directly to each individual depicted in the Intimate Image, that the Defendants will disseminate the Intimate Image and Personal Information through a website or online service; and

B. obtaining verifiable affirmative express consent in writing directly from each individual depicted in the Intimate Image prior to dissemination and also provide each individual the right to revoke consent at any time.

## II. DISPOSITION OF PERSONAL INFORMATION AND INTIMATE IMAGES

IT IS FURTHER ORDERED that the Defendants are permanently restrained and enjoined from directly or indirectly:

A. selling, renting, leasing, disclosing, using, transferring, or otherwise benefitting from Personal Information or Intimate Images obtained without verifiable affirmative express consent in writing; and

B. failing to destroy such Personal Information or Intimate Images in all forms in Defendant's possession, custody, or control within 30 days after entry of this Order. Provided, however, that such Personal Information or Intimate Images need not be

disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

### III. PROHIBITION ON CHARGING TAKEDOWN FEES

IT IS FURTHER ORDERED that the Defendants, their agents, employees, and attorneys, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from charging or assisting in charging any consumer any fee related to taking down or removing Personal Information or Intimate Images from any website, whether directly or through an intermediary.

### IV. PROHIBITIONS RELATING TO WEBSITES

IT IS FURTHER ORDERED that the Defendants, their agents, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from creating, using, or allowing public access to: (A) the internet website MyEx.com; or (B) any internet website for the advertising, marketing, promotion, offering for sale, sale or provision of image removal services related to postings of Intimate Images and Personal Information obtained without affirmative express consent.

### V. ORDER TO THIRD PARTIES TO DISABLE WEBSITES

IT IS FURTHER ORDERED that any person or entity, including any website host hosting any website on the internet by or for the Defendants or their officers, agents, employees, or attorneys, and those persons in active concert or participation with the Defendants shall take any steps necessary when they have knowledge of postings of Intimate Images and Personal Information obtained without affirmative express consent to ensure that any website by or for the Defendants or their officers, agents, employees, or attorneys that contains Intimate Images and

Personal Information is disabled and no longer viewable or accessible to persons using the internet.

## VI. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $2,022,930.00 is entered in favor of in favor of the Plaintiff Commission against Individual Defendant and Corporate Defendant, jointly and severally, as equitable monetary relief.

B. The Defendants are ordered to pay to the Commission $2,022,930.00.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. The Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. The Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which the Defendants must submit to the Commission within seven days of entry of this Order, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

# VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that the Defendants shall provide acknowledgments of receipt of this Order as follows:

A. Each Defendant, within seven days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five years after entry of this Order, the Individual Defendant for any business that such defendant, individually or collectively with any other defendant, is the majority owner of or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that the Defendants make timely submissions to the Commission as follows:

A. Sixty days after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that

Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business

activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.  Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. EMP Media, Inc.

## X.  RECORDKEEPING

IT IS FURTHER ORDERED that the Defendants must create certain records for 20 years after entry of the Order, and retain each such record for five years. Specifically, for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or

otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and requests for takedowns, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring the Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior

notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish a consumer report concerning the Individual Defendant, pursuant to Section 604(l) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

DATED this 15th day of June, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE