UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF NEVADA,<br><br>    Plaintiffs<br><br>v.<br><br>EMP MEDIA, INC., et al.,<br><br>    Defendants | Case No.: 2:18-cv-00035-APG-NJK<br><br>**Order (1) Granting Motion for Leave to File Supplemental Authority and (2) Denying Motion to Set Aside Default Judgment**<br><br>[ECF Nos. 65, 70] |

Defendant Shad Cottelli (also known as Shad Applegate) moves to set aside the monetary relief awarded in the default judgment against him. Cotelli contends that the monetary award is void based on the Supreme Court's decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021). In *AMG*, the Supreme Court held that the Federal Trade Commission (FTC) cannot obtain court-ordered equitable monetary relief under § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b). The default judgment ordering Cotelli to pay the FTC $2,022,930.00 in this case was based on § 13(b).[1] Cotelli thus contends that the judgment is void because the FTC lacked authority to request the monetary relief and I lacked authority to grant it. The FTC responds that *AMG* does not apply retroactively because Cotelli's case was not on direct review when *AMG* was issued. It also argues there is no basis to set aside the judgment under Federal Rules of Civil Procedure 60(b)(4) or (b)(6). The FTC also moves for leave to file supplemental authority because the Ninth Circuit recently issued a decision in a case involving similar arguments.

---

[1] Default judgment also was entered in favor of the State of Nevada under the Nevada Deceptive Trade provisions of Chapter 598 of the Nevada Revised Statutes. ECF No. 29. However, the default judgment ordered Cotelli to pay the monetary judgment to the FTC. *Id.* at 6.

I grant the FTC's motion because I would consider the relevant authority anyway. I deny Cotelli's motion to set aside the default judgment because his motion is untimely, his case was not on direct review when *AMG* was decided, the judgment is not void, and extraordinary circumstances do not warrant setting aside the judgment.

## I. BACKGROUND

The FTC and the State of Nevada sued Cotelli and others alleging they violated federal and state law by operating a revenge porn website. ECF No. 1. The FTC asserted that Cotelli violated 15 U.S.C. § 45(a), which prohibits unfair methods of competition in commerce. *Id.* The FTC sought injunctive and equitable monetary relief under § 13(b). *Id.*

The FTC moved for alternative service on Cotelli by email, which Magistrate Judge Koppe granted. ECF Nos. 12; 14; 16. Cotelli did not appear in the action, so the FTC and State of Nevada moved for entry of default and default judgment. ECF Nos. 22; 23; 24; 26; 28. On June 15, 2018, I granted default judgment in favor of the FTC and the State. ECF Nos. 29; 30. As part of the default judgment, I ordered Cotelli to pay the FTC $2,022,930.00 in equitable monetary relief. ECF No. 29 at 6. There is no dispute that the monetary judgment was awarded under § 13(b).

In March 2020, Cotelli moved to set aside the default judgment under Federal Rule of Civil Procedure 60(b). ECF No. 33. Cotelli argued that he was not behind the revenge porn website and that he had not been properly served. I denied Cotelli's motion. ECF No. 43. Cotelli appealed, and the Ninth Circuit affirmed on March 30, 2021. ECF Nos. 44; 59. On April 22, 2021, the Supreme Court issued *AMG*. On May 13, 2021, Cotelli petitioned for panel rehearing, which the panel denied. Ninth Cir. Case No. 20-15717, Dkt. Nos. 42; 43. Cotelli subsequently petitioned for rehearing en banc, but the Ninth Circuit denied the en banc petition

as untimely. Ninth Cir. Case No. 20-15717, Dkt. Nos. 45; 46.  In both his petitions, Cotelli argued that *AMG* rendered the judgment void. Ninth Cir. Case No. 20-15717, Dkt. Nos. 42; 45.

Cotelli filed the present motion to set aside in January 2023. ECF No. 65.  After briefing was completed, the Ninth Circuit issued a decision in *FTC v. Hewitt*, --- F.4th ----, No. 21-56037, 2023 WL 3364496 (9th Cir. May 11, 2023).  In *Hewitt*, the Ninth Circuit affirmed the district court's refusal to set aside a monetary judgment in the FTC's favor despite *AMG*'s holding. *Id.* The FTC moves for leave to file this supplemental authority with the court. ECF No. 70.  Cotelli opposes, arguing that unlike this case, *Hewitt* was not on direct review at the time *AMG* was issued, so *Hewitt* does not apply. ECF No. 71.  He also contends that *Hewitt* is limited to its facts. *Id.*

## II. ANALYSIS

### A. Motion for Leave to File Supplemental Authority

I grant the FTC's motion for leave to file supplemental authority.  Even without the FTC's motion, I would look to published Ninth Circuit authority, and *Hewitt* addresses arguments that are similar to some of those made in this case.

### B. Motion to Set Aside

Cotelli moves to set aside the monetary judgment against him on three bases.  First, he argues that his case was on direct review at the time *AMG* was issued, so the rule announced in *AMG* automatically applies to his case.  Second, he contends the judgment is void under Federal Rule of Civil Procedure 60(b)(4).  Finally, he contends the judgment should be set aside under Rule 60(b)(6) due to extraordinary circumstances related to the FTC failing to properly serve him at the outset.

The FTC responds that this case was not on direct review when *AMG* was decided because Cotelli defaulted and failed to timely appeal the initial judgment. The FTC argues the Rule 60(b) motion is untimely. And it contends that the judgment is not void within Rule 60(b)(4)'s meaning, the issue of proper service has already been resolved, and there are no extraordinary circumstances warranting relief under Rule 60(b)(6).

### 1. Timeliness

A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Whether a motion was brought within a reasonable time "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

Cotelli's motion is not timely. Cotelli knew about the *AMG* decision in May 2021 because he raised it in his petitions for rehearing at the Ninth Circuit. But he did not file the present motion until over a year and a half later, in January 2023. Waiting a year and a half to raise the same argument is not reasonable, and Cotelli offers no explanation for this delay. As I already ruled in relation to Cotelli's first motion to set aside, the FTC will be significantly prejudiced if I set aside the default judgment because "after judgment was entered, the FTC destroyed the evidence it would need at a trial." ECF No. 43 at 4 (citing ECF No. 36 at 15). I therefore deny Cotelli's motion as untimely. As discussed below, even if Cotelli's motion was timely, I would deny it.

### 2. Direct Review

Cotelli asserts that if his case was still open on direct review when *AMG* was decided, then *AMG*'s holding retroactively applies to his case and the monetary judgment must be set

4

aside.  Cotelli contends that his case was on direct review when *AMG* was issued because the deadline to file a petition for panel rehearing had not expired when *AMG* was decided.  The FTC responds that this case was not on direct review because Cotelli did not appeal the initial judgment and the time to do so had long since expired before Cotelli filed his first motion to set aside.

      When the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." *Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993). However, Cotelli's case was not on direct review at the time *AMG* was decided.  I entered judgment in the FTC's favor in June 2018 and no timely appeal was taken.  Direct review therefore ended in 2018.  Cotelli's first Rule 60(b) motion was filed more than a year and a half later.  Under Rule 60(c)(2), a Rule 60(b) motion "does not affect the judgment's finality or suspend its operation." *See also Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978) ("A motion for relief from judgment under Rule 60(b) . . . does not toll the time for appeal from, or affect the finality of, the original judgment.").  And under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi), a Rule 60(b) motion tolls the time to file a notice of appeal only when it is filed within 28 days after the judgment is entered.  Cotelli did not file his first motion to set aside within 28 days of judgment being entered, so that rule does not apply.

      Had Cotelli been successful in his first motion to set aside, then his case would have been on direct review when the Supreme Court decided *AMG*. *See Ditto v. McCurdy*, 510 F.3d 1070, 1077 (9th Cir. 2007) (holding that when a judgment has been set aside under Rule 60(b), "the case stands as if that judgment had never occurred in the first place" and "remains open on direct

5

review," so "the court must apply the law as it stands, including any intervening precedents"). But that did not happen here. Because the original judgment was never set aside, it remained final and direct review ended in 2018. I therefore deny Cotelli's motion on this basis.

### 3. Rule 60(b)(4)

Cotelli contends that the judgment should be set aside as void under Rule 60(b)(4). A judgment is void within Rule 60(b)(4)'s meaning "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). To qualify for this type of jurisdictional error, the assertion of jurisdiction must be "truly unsupported," meaning it "lack[ed] even a colorable basis." *Hewitt*, 2023 WL 3364496, at *3 (quotation omitted).

There is no dispute that I had subject matter jurisdiction over the case because the FTC alleged that Cotelli violated 15 U.S.C. § 45(a). *See* 28 U.S.C. §§ 1331, 1337(a), 1345. Even if the monetary judgment could be considered a jurisdictional error, it is not void for a "total want of jurisdiction" and had a colorable basis because it "was consistent with then-prevailing precedent in [this] circuit (and most other circuits)." *Hewitt*, 2023 WL 3364496, at *3 (quotation omitted). To the extent Cotelli challenges personal jurisdiction, the Ninth Circuit already rejected those arguments. ECF No. 59 at 2-4. I therefore deny Cotelli's motion under Rule 60(b)(4).

### 4. Rule 60(b)(6)

Cotelli contends that extraordinary circumstances warrant setting aside the monetary relief because under *AMG*, that relief never should have been awarded. He also contends that he was not properly served with the original complaint.

Rule 60(b)(6) is a catchall provision that authorizes relief from a final judgment for "any other reason that justifies relief." A party "seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019) (quotation omitted). A change in the law rarely constitutes an extraordinary circumstance under Rule 60(b)(6), but it can support relief under that rule. *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Henson*, 943 F.3d at 444. In determining whether to grant relief, I consider: (1) "the nature and relationship of the intervening change in the law;" (2) "the diligence of the party in seeking relief from the original judgment;" and (3) any "additional considerations relevant to balancing the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Hewitt*, 2023 WL 3364496, at *5-6 (quotation omitted).

Considering all the circumstances, I deny Cotelli's motion. First, "it is hardly extraordinary that the Supreme Court arrives at a different interpretation from then-prevailing precedent in [this] Circuit." *Hewitt*, 2023 WL 3364496, at *5 (quotation omitted). At the time I awarded the monetary relief, the prevailing precedent in this circuit and others supported awarding equitable monetary relief under § 13(b). *Id.* Further, a change in the law "is all the less extraordinary where a party has displayed a lack of diligence in the original proceedings." *Id.* (quotation omitted). Cotelli never challenged the FTC's power to seek the money judgment or my authority to award it until after *AMG* was decided. And he filed the present motion long after *AMG* was handed down.

The finality of judgments and other considerations weigh in favor of not disturbing the judgment in this case. The money judgment has been final since 2018. The passage of time may hinder the FTC's ability to marshal evidence and witnesses, particularly where the FTC relied on

the final judgment to destroy evidence to protect victims' privacy. The Ninth Circuit has already concluded that the "record is replete" with evidence linking Cotelli to the revenge porn website and that the monetary award reflects the amount the website "collected in extortion fees through MyEx.com—specifically, fees paid by more than 5,070 victims." ECF No. 59 at 5. Given the severity of Cotelli's conduct and the magnitude of injury to victims, both monetarily and emotionally, justice is not furthered by setting aside the monetary award. *See Hewitt*, 2023 WL 3364496, at *6 (holding that similar factors supported the district court's denial of relief under Rule 60(b)(6)). I therefore deny Cotelli's motion under Rule 60(b)(6).

### III. CONCLUSION

I THEREFORE ORDER that the Federal Trade Commission's motion for leave to file supplemental authority **(ECF No. 70) is GRANTED**.

I FURTHER ORDER that defendant Shad Cotelli's motion to set aside the default judgment **(ECF No. 65) is DENIED**.

DATED this 25th day of May, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE